IN THE FEDERAL DISTRICT OF GUAM CIVIL ACTION # 16-000 **16-00008**

Plaintiff: Clifford "RAY" Hackett, individually and for all. P: 671.967.0387
DEFENDANT: Japan Bus Lines LLC <Reef Hotel> 1317 Pale San Vitores Road Tamuning, Guam 96913

COMPLAINT JURISDICTION

**FILED**
DISTRICT COURT OF GUAM
JAN 27 2016
JEANNE G. QUINATA
CLERK OF COURT

1. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.
2. This action is commenced pursuant to 2201 and 2202 and 42 U.S.C., section 1983.

GENERAL ALLEGATIONS

3. The plaintiff is a citizen of the United States of America.
4. Defendant owns a commercial business worldwide
5. Plaintiffs are individuals with disabilities. Defendant's business blocks disabled persons.
6. On July 26, 1990, Congress enacted the ADA, 42 U.S.C. section 12101, et seq.
7. The Congressional findings include: "discrimination persists "42 U.S.C. section l2101(a).
8. Congress says ADA is to: mandate "standards" 42 U.S.C. section 12101(b).
9. Congress gave time to implement the Act. The effective date was January 26, 1992.
10. Defendant's business has barriers that prevents disabled persons. See Exhibit "A".
11. ADA Title III, covers "Public Accommodations and Services." 42 U.S.C. section 12181.
12. Congress included businesses as public accommodations. 42 U.S.C. section 12181.
13. Defendant's business is a public accommodation discriminating by not removing barriers
14 The barrier removal is."readily achievable" 42 U.S.C.. section 12182(b)(2)(A)(iv).
15. Readily achievable includes "whatever is needed" 28 C.F.R.. section 36.304(a) - (c).
16. Similar businesses have made similar modifications, but defendant chose not to comply.
17. In Section 44 and 190 of the IRS Code, a small business gets a tax credit of 50% of the barrier removal cost up to $10,500 yearly. Big businesses get up to $15,000 yearly.
18. Plaintiff wants to use the defendant's business. CLAIM OF RELIEF:
19. Pursuant to the ADA, 42 U.S.C. section 12101, et seq., and law pursuant to this Act, 28 C.F.R. §36.304, defendant was to add wheelchair lifts and large print signs by January 26, 1992. To date, defendant has not.
20. By failing to add wheelchair lifts and large print signs, defendant violates the ADA.
WHEREFORE, the plaintiffs pray that the Court order the defendant to add wheelchair lifts and large print signs and that the Court award plaintiff attorney fees of $1,000 and such relief as may be just, proper, and equitable, including costs.

NAME:Clifford "RAY"Hackett, 671.967.0357

I HEREBY CERTIFY that a true copy of the foregoing was sent to the other party the same day it was sent to this court

*Clifford Hackett*